**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:
**ROLANDO BENIGNO BOLANOS AND**      CASE NO.:  15-23795-RAM
**VICTORIA ISABEL SANCHEZ**                    CHAPTER:  13

      DEBTOR.
_____/

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM**
**OF JPMORGAN CHASE BANK [# 3]**

Creditor, **JPMorgan Chase Bank, National Association** ("Creditor"), by and through its undersigned counsel, hereby files this Response to the Debtor's Objection to Claim of JPMorgan Chase Bank [# 3] (the "Response") and in support, states the following:

1.  Creditor holds a secured mortgage on real property owned by Debtor located at 508 SW 17th Ave, Homestead, FL  33030.

2.  Creditor affirms that a timely Proof of Claim (Claim No. 3-1) was filed on October 27, 2015, in the amount of $186,744.06 in secured mortgage debt and $190.74 in secured mortgage arrears.

3.  On December 3, 2015, the Debtor filed the *Objection to Claim of JPMorgan Chase Bank [# 3]* (the "Objection") **[DE 46]**. In the *Objection*, the Debtor states that the Subject Property is being treated outside of the Chapter 13 Plan and that the Chapter 13 Trustee should not disburse payments.

4.  Upon review of the instant case, the Debtor's Amended Chapter 13 Plan [DE 36] states that "Debtor will treat claim outside the Chapter 13 Plan" for the Subject Property; however, this *Plan* has not been confirmed by the Court as of the date of filing this Response.

4.  Creditor's Proof of Claim should be allowed to stand as filed since the Proof of Claim reflects the true and correct status of the loan as of the date of the filing of the petition.

5.  Furthermore, proofs of claim are governed by §502(a) of the Bankruptcy Code, which provides "[a] claim or interest, proof of which is filed under §501 of this title, is deemed allowed, unless a party in interest . . . objects." *11 U.S.C. §502(a).* "The burden of proof is on an objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect on the proof of claim." *In re Winn-Dixie Stores, Inc.,* 418 B.R. 475 (Bankr. M.D. Fla. 2009).

6.  Since Claim 3-1 is *prima facie* evidence of the mortgage debt owed to the Creditor as of the date of the Bankruptcy Petition, and the Debtor has presented no evidence to rebut the *prima facie* effect of Claim 3-1, the Creditor's claim should be deemed allowed as filed.

7.  A hearing on the Debtor's *Objection* is scheduled for January 12, 2016.

8.  Creditor reserves the right to supplement and/or amend this Response in the future.

WHEREFORE, **JPMorgan Chase Bank, National Association** respectfully requests that this Court enter an Order denying the Debtor's *Objection to Claim of JPMorgan Chase Bank [# 3]* and awarding any and all other relief that this Court deems just and appropriate.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

Scott C Lewis, Esq.
**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Telephone: (813) 221-4743
Facsimile: (813) 221-9171

By: /s/ Scott C Lewis
Scott C Lewis
Florida Bar No: 112064

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via electronic and/or regular U.S. Mail to the parties on the attached service list, this 24 day of December, 2015.

## SERVICE LIST

Rolando Benigno Bolanos
508 SW 17 Avenue
Homestead, FL 33030

Victoria Isabel Sanchez
508 SW 17 Avenue
Homestead, FL 33030

Andres Montejo, Esq.
6157 NW 167 St #F21
Miami, FL 33015

Nancy K. Neidich
P.O. Box 279806
Miramar, FL 33027

 

Scott C Lewis, Esq.
**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Telephone: (813) 221-4743
Facsimile: (813) 221-9171

By: /s/ Scott C Lewis
Scott C Lewis
Florida Bar No: 112064